UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY SMITH,

    Plaintiff,

Case No. 23-cv-11818

v.

Hon. Sean F. Cox
United States District Court Judge

GIA MICHELL REED,

    Defendant.

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

The plaintiff in this civil case sought and obtained a clerk's entry of default, and now moves for a default judgment awarding him damages, attorney's fees, and costs. Because the plaintiff's well-pleaded allegations establish the defendant's liability and the plaintiff has presented evidence of his damages, attorney's fees, and costs, the Court grants Defendant's motion.

### BACKGROUND

Plaintiff Corey Smith alleged in a civil complaint that he purchased a 2013 Buick Verano from Defendant Gia Reed. Plaintiff alleged that Defendant had set back the car's odometer before she sold it to him, which caused him to pay Defendant a purchase price for the vehicle that was above its fair-market value.

Plaintiff sought damages from Defendant under 49 U.S.C. § 32710 (Count I) and state law (Counts II and III). Defendant was personally served with process on August 2, 2023. Defendant never made an appearance in this case, and Plaintiff sought and obtained a clerk's entry of default on August 24, 2023.

1

Plaintiff now moves for a default judgment on Count I awarding him damages, attorney's fees, and costs. On November 2, 2023, the Court set a hearing on Plaintiff's motion for January 25, 2024, at 4:00 P.M. The Court began that hearing at 4:15 P.M., and Defendant made no appearance. Plaintiff stated at the hearing that he had served Defendant with a copy of his motion and the Court's notice of the January 25 motion hearing. The Court now grants Plaintiff's Motion for Entry of Default Judgment.

## STANDARD OF REVIEW

To resolve a motion for default judgment, this Court takes "the well-pleaded factual allegations in the Complaint, except those relating to damages" as true and determines whether those allegations establish that the defendant's liability. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006). If the plaintiff's well-pleaded allegations establish liability, then courts in this Circuit award damages if the plaintiff presents "some evidence to support his claim." *Truex v. Drivers Direct, LLC*, 583 F. Supp. 3d 1033, 1035 (N.D. Ohio 2022).

## ANALYSIS

The Court must determine whether Plaintiff's allegations show that Defendant is liable under 49 U.S.C. § 32710, and, if so, whether Plaintiff presented some evidence of his damages. Here, Plaintiff's allegations show that Defendant is liable under § 32710 and the evidence shows that Plaintiff suffered $15,018.00 in damages. Further, § 32710 entitles Plaintiff to recover $3,055.00 in attorney's fees and $485.92 in costs.

**I.  Liability**

Plaintiff brought suit under 49 U.S.C. § 32710, which creates a cause of action against individuals who violate odometer regulations such as the regulation codified at 49 U.S.C. § 32703 "with intent to defraud." § 32710(a). Section 32703 prohibits "alter[ing] . . . an

odometer of a motor vehicle intending to change the mileage registered by the odometer." § 32703(2).

Plaintiff made the following allegations in his complaint: (1) "[o]n or about July 3, 2023, [he] purchased a certain 2013 Buick Verano, VIN 1G4PP5SK9D4128947" from Defendant; (2) "[p]rior to selling the vehicle to [him], Defendnat [sic], with the intent to defraud, rolled back the odometer approximately 207,000 miles"; (3) "[t]he odometer on the vehicle did not accurately reflect the actual miles of the vehicle at the time of sale"; (4) Defendant "knew or had reason to know of the inaccuracy of the odometer at the time it sold the vehicle to [him]"; and (5) Defendant "rolled back or otherwise tampered with the odometer before selling the vehicle to [him]." (ECF No. 1, PageID.3–4).

These allegations show that Defendant altered the odometer of the vehicle that she sold to Plaintiff on July 3, 2023, with intent to defraud, and therefore that Defendant is liable under § 32710.

**II.     Damages**

Section 32710 provides that defendants who violate odometer regulations are "liable for 3 times the actual damages or $10,000, whichever is greater." 49 U.S.C. § 32710(b). Actual damages "include (1) the purchase price of the vehicle less its [fair-market] value given the vehicle's actual mileage, and (2) any expenses shown to be attributable to the defendant's wrongful acts." *Farmer's Co-op Co. v. Senske & Son Transfer Co.*, 572 F.3d 492, 498 (9th Cir. 2009).

Here, Plaintiff submitted the following evidence with respect to damages: (a) the title for a 2013 Buick Verano, VIN number 1G4PP5SK9D128947, showing that the car was transferred from Defendant to Plaintiff on July 3, 2023 (ECF No. 7-4); (b) a vehicle history report showing

3

that the same car's odometer read 307,209 miles on April 12, 2022 (ECF No. 7-2); (c) a service invoice showing that the car had had a 4-cylinder, 2.4 liter, Flex Fuel compatible engine (ECF No. 7-5); (d) a report showing that a 2013 Buick Verano with a 4-cylinder, 2.4 liter, Flex Fuel compatible engine and 307,000 miles on it has a trade-in value of $1,394.00 (ECF No. 7-8); and (e) an affidavit where Plaintiff alleged that he paid Defendant $6,400.00 for the car (ECF No. 7-7).

This evidence shows that Plaintiff paid $6,400.00 for a car whose fair-market value was $1,394, and thus that Plaintiff suffered actual damages of $5,006.00. Section 32710 entitles Plaintiff to recover treble the amount of his actual damages, or $15,018.00.

### III.     Attorney's Fees and Costs

Section 32710 entitles successful plaintiffs to recover "costs and a reasonable attorney's fee." 49 U.S.C. § 32710(b). Here, Plaintiff submitted evidence showing that he incurred $3,055.00 in attorney's fees and $485.92 in costs. (*See* ECF No. 7-9). And $3,055.00 is a reasonable fee for this matter.

### CONCLUSION & ORDER

Plaintiff's well-pleaded allegations show that Defendant is liable under 49 U.S.C. § 32710. And the evidence shows that Plaintiff suffered $15,018.00 in damages and incurred $3,055.00 in reasonable attorney's fees and $485.92 in costs.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Entry of Default Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Counts II and III are **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

4

Dated: February 1, 2024

s/Sean F. Cox  
Sean F. Cox  
U. S. District Judge

I hereby certify that on February 1, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

s/J. McCoy  
Case Manager

5